# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

GERALD ASPLUND,

    Plaintiff,

vs.

iPCS WIRELESS, INC., BRIAN COCHUYT, RUSS MCCOMBES and JACKIE QUILLINAN,

    Defendants.

No. 08-CV-2041-LRR

**ORDER**

## I. INTRODUCTION

The matter before the court is Plaintiff Gerald Asplund's Motion to Remand (docket no. 12).

## II. PRIOR PROCEEDINGS

On April 24, 2008, Plaintiff filed a one-count Petition and Jury Demand ("Petition") in the Iowa District Court in and for Black Hawk County against Defendants iPCS Wireless, Inc. ("iPCS"), Brian Cochuyt, Russ McCombes[1] and Jackie Quillinan. Count 1 of the Petition alleges Retaliation, in violation of the Iowa Civil Rights Act ("ICRA"), Iowa Code chapter 216 (2005).[2]

---

[1] The last name of this defendant may be "McCombs." The court spells his last name as it is spelled in the Petition.

[2] The Petition is not a model of clarity. Count 1 is captioned "Violation of Iowa Code Chapter 216—Sexual Harassment," but the allegations thereunder clearly state a claim for Retaliation. *See* Petition at ¶ 25 ("Defendants discriminated against Plaintiff with respect to the conditions of his employment . . . and terminated him . . . because he opposed actions that violated [ICRA]."). Although Plaintiff states that Defendants "engaged in a continuing pattern and practice of unwelcome sexual harassment . . . of those who oppose it," *id.* at ¶ 26, the facts alleged in the Petition make clear that Plaintiff

(continued…)

According to the Petition, Plaintiff is a citizen of Bremer County, Iowa. Defendant iPCS is a Delaware corporation with its principal place of business in Illinois. Defendant Cochuyt is a citizen of Rock Island County, Illinois. Defendant McCombes is a citizen of Scott County, Iowa. Defendant Quillinan is a citizen of Cook County, Illinois.

On June 5, 2008, Defendants removed the lawsuit to this court, pursuant to 28 U.S.C. §§ 1441 and 1446.[3] Defendants invoked this court's diversity jurisdiction, 28 U.S.C. § 1332.

On July 3, 2008, Plaintiff filed the Motion, pursuant to 28 U.S.C. § 1447. On July 21, 2008, Defendants filed a Resistance (docket no. 13). On July 28, 2008, Plaintiff filed a Reply (docket no. 14).

The parties do not request a hearing on the Motion, and the court finds that a hearing is not necessary. The Motion is fully submitted and ready for decision.

### III. SUBJECT-MATTER JURISDICTION

#### A. Summary of Argument

In the Motion and Reply, Plaintiff requests that the court remand this lawsuit to the Iowa District Court in and for Black Hawk County. Plaintiff contends this court lacks subject-matter jurisdiction, because there is not complete diversity between Plaintiff and Defendants. Plaintiff and Defendant McCombes are citizens of the same state.

In the Resistance, Defendants concede that, on its face, the Petition does not reflect complete diversity between Plaintiff and Defendants. Defendants argue that the court

---

[2](…continued)
does not have a valid claim for sexual harassment against these Defendants. Plaintiff also states that his Petition is filed "pursuant to . . . other common law theories of recovery" but never pleads those common law theories.

[3] Plaintiff served Defendant McCombes on May 6, 2008; Defendant iPCS on May 8, 2008; Defendant Quillinan on May 20, 2008; and Defendant Cochuyt on May 22, 2008. Removal was timely. *See Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (adopting last-served defendant rule).

should ignore Defendant McCombes's citizenship, because Plaintiff fraudulently joined him to the lawsuit.

### B. *Subject-Matter Jurisdiction*

#### 1. *Diversity subject-matter jurisdiction*

"Federal courts are courts of limited jurisdiction[,]" and the threshold requirement in every federal case is jurisdiction. *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998). "Congress has constantly authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In relevant part, 28 U.S.C. § 1332 provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . . .

28 U.S.C. § 1332(a)(1). "Since *Strawbridge v. Curtiss*, [7 U.S. 267 (1906), [the Supreme] Court has read the statutory formulation 'between . . . citizens of different States," 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 82 (2005). "There is no federal diversity jurisdiction if the plaintiff and any defendant are citizens of the same state." *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007).

#### 2. *Fraudulent joinder*

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)). That is, "the right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson*, 484 F.3d at 1083 (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). "Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the

3

resident defendant." *Anderson*, 724 F.2d at 84. "A joinder is fraudulent only 'when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.'" *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (citation omitted).

"The relevant inquiry in analyzing fraudulent joinder . . . focuses only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident, not on the artfulness of the pleadings." *Id*. "[P]laintiff's motive for suing the non-diverse defendant is irrelevant." *Probus v. Charter Commc'ns, LLC*, 234 F.App'x 404, 406 (6th Cir. 2007); *see Morris v. E.I. Du Pont De Nemours & Co.*, 68 F.2d 788, 793 (8th Cir. 1934) ("The motives of the plaintiff in making his claim of joint liability are not important, because the motives of a party in bringing a lawsuit do not deprive the courts of jurisdiction to try it.").

The removing party bears the burden to prove fraudulent joinder. *Altimore v. Mt. Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005); *Polito v. Molasky*, 123 F.2d 258, 260 (8th Cir. 1941); *Leonard v. St. Joseph Lead Co.*, 75 F.2d 390, 395 (8th Cir. 1935). Further, the court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Asssurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

> [I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (quoting *Ia. Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

### *C. Analysis*

The parties agree that the amount in controversy, exclusive of interest and costs, exceeds $75,000. They also agree that, on its face, the Petition does not disclose complete

4

diversity between Plaintiff and Defendants. The fighting issue is whether Plaintiff fraudulently joined Defendant McCombes. Therefore, the court must examine the factual allegations in the Petition in conjunction with state law and determine whether Plaintiff might have a colorable claim against Defendant McCombes. *Wilkinson*, 478 F.3d at 964.

### 1. *Factual allegations*

Plaintiff alleges the following facts in his Petition:

On May 5, 2005, iPCS hired Plaintiff to manage its store in Cedar Falls, Iowa. Defendant Cochuyt, iPCS's Iowa Sales Manager, was Plaintiff's immediate supervisor. Defendant McCombes, iPCS's Regional Market Manager, was Defendant Cochuyt's immediate supervisor. Defendant Quillinan was iPCS's Director of Human Resources.

In November of 2006, Plaintiff learned that Defendant Cochuyt had an unwelcome sexual relationship with one of his subordinates, and the subordinate was upset. Plaintiff immediately reported the relationship to Defendant Quillinan, in accordance with iPCS's Employee Handbook.

"Defendant Quillinan treated Plaintiff and his complaint in a hostile fashion." Petition at ¶ 14. Defendant McCombes learned of Plaintiff's complaint and "made an unannounced visit to Plaintiff at the Cedar Falls store location in December of 2006." *Id*. at ¶ 15. Defendant McCombes "questioned [Plaintiff] in a hostile fashion regarding why he had made this report about Defendant Cochuyt." *Id*. Further, Defendant McCombes knew that Defendant Cochuyt had engaged in sexual relationships with other subordinates and "failed to take proper remedial action." *Id*. at ¶ 22.

In January of 2007, "Defendants took adverse employment action against Plaintiff because he reported Defendant Cochuyt's unwelcome sexual relationship with a subordinate employee." *Id*. at ¶ 20. On January 18, 2007, Defendant Cochuyt met Plaintiff at the store and fired him without explanation. iPCS sent Plaintiff an official termination letter ("Letter") that alleged that Plaintiff was fired for "Dissatisfactory

5

Managerial Skills; Attitude; Insubordination." Exhibit A (docket no. 12-3), at 1.[4] The Letter is unsigned but contains blank signature lines for Defendants Cochuyt and McCombes.

Defendant Cochuyt later told Plaintiff that he fired him for "nonperformance." *Id.* at ¶ 17. During unemployment proceedings, Defendants Cochuyt and Quillinan testified that "Plaintiff was terminated as a result of his overall performance but specifically his failure to inform Defendant Cochuyt that he had switched the work hours of one of his store employees." *Id.* at ¶ 19. Switching hours, however, was a common practice.

### 2. ICRA

ICRA creates a cause of action for persons claiming to be aggrieved by "an unfair or discriminatory practice." Iowa Code § 216.16(1). The retaliation provision of ICRA makes it "an unfair or discriminatory practice" for "[a]ny person to . . . retaliate against another person in any of the rights protected against discrimination by [ICRA] because such person has lawfully opposed any practice forbidden under [ICRA] . . . ." Iowa Code § 216.11(2) (emphasis added). ICRA forbids a person from discriminating against any person because of her sex, and sexual harassment in the form of a hostile work environment constitutes unlawful sex discrimination. *Reed v. Cedar County*, 474 F. Supp. 2d 1045, 1061 (N.D. Iowa 2007) (citing Iowa Code § 216.6(1)(a) and *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)). The Petition alleges Retaliation, insofar as

---

[4] Defendants argue that "additional . . . exhibits included in Plaintiff's brief but not in the Petition should not be considered in support of the [Motion]." Resistance at 3. This argument lacks merit. *See, e.g., Willis v. Fugro Chance, Inc.*, No. 07-41104, 2008 WL 2131030 *2 n.1 (5th Cir. May 21, 2008) (per curiam) (stating that "the district court was within its bounds to consider summary judgment-type evidence" to decide issue of fraudulent joinder); *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005) (same); *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003) (same); *see also Leonard*, 75 F.2d at 395 (considering affidavit in conjunction with pleadings to decide whether removing party was fraudulently joined).

6

Plaintiff reported that a subordinate was "upset" about an "unwelcome" sexual relationship with her supervisor, Defendant Cochuyt. Petition at ¶¶ 13, 19.

Unlike Title VII, under ICRA a plaintiff's direct supervisor may be held individually liable for his unfair and discriminatory practices. *Compare Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998) (Title VII), *with Vivian v. Madison*, 601 N.W.2d 872, 873-77 (Iowa 1999) (ICRA). Whereas Title VII only applies to "employers," ICRA applies to a broader class: "persons." *See Vivian v. Madison*, 601 N.W.2d 872, 873-77 (Iowa 1999) (contrasting Title VII's use of "employer" with ICRA's use of "person").

The instant case presents an issue not addressed in prior cases. Here, Plaintiff is suing not only his direct supervisor, Defendant Cochuyt, but also a second-level supervisor, Defendant McCombes. Under such circumstances, the court is not required to predict how the Iowa Supreme Court would rule were it presented with this first-impression issue; rather, the court must determine whether Plaintiff *might* have a *colorable* claim under state law. *Wilkinson*, 478 F.3d at 964.

> Unlike most diversity cases (where a federal court is required to ascertain and apply state law no matter how onerous the task), here, the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.
>
> Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant. This determination is the essential function required of the district court in a fraudulent-joinder setting.

*Filla*, 336 F.3d at 811 (citation omitted).

The court holds that Plaintiff might have a colorable claim against Defendant McCombes under ICRA on the record presently before the court. In *Vivian*, the Iowa Supreme Court generically stated that the liability of a supervisor depends upon whether such supervisor "was in a position to control the company's [relevant adverse employment] decisions." 601 N.W.2d at 876 (distinguishing *Sahai v. Davies*, 557 N.W.2d 898, 901 (Iowa 1997) (holding doctor did not run afoul of ICRA, where he only *advised* a company to not hire a woman because she was pregnant). Here, Defendant McCombes, as the direct supervisor of Plaintiff's supervisor, was arguably in a position to control whether iPCS fired Plaintiff. Indeed, Defendant McCombes's name is listed on the Letter. And, Plaintiff alleges that *all* Defendants, including Defendant McCombes, "took adverse action against Plaintiff because he reported Defendant Cochuyt's unwelcome sexual relationship with a subordinate employee." Petition at ¶ 20.[5]

In any event, Plaintiff might have a colorable Retaliation claim against Defendant McCombes on an aiding-and-abetting theory. It is "an unfair or discriminatory practice" under ICRA for "[a]ny person to intentionally aid [or] abet . . . another person to engage in any of the practices declared unfair or discriminatory by [ICRA]." Iowa Code

---

[5] Some federal courts applying *Vivian* have held that a plaintiff also must prove that the supervisor knew or should have known that discrimination or retaliation was taking place. *See, e.g., Van Horn v. Specialized Support Servs., Inc.*, 241 F. Supp. 2d 994, 1016 (S.D. Iowa 2003); *Stricker v. Cessford Constr. Comp.*, 179 F. Supp. 2d 987, 1016 (S.D. Iowa 2001). Consistent with this line of cases, the parties appear to agree that Defendant McCombes's mere status as a supervisor in a position of control would not make him strictly liable were Plaintiff to prove unlawful retaliation against the other defendants in this case. Here, Plaintiff has pled the requisite level of knowledge in any event. Plaintiff alleges that Defendant McCombes knew that Plaintiff had engaged in statutorily protected conduct, insofar as he claims Defendant McCombes made an unscheduled visit to the store and questioned Plaintiff in a hostile manner about his report of possible sexual harassment. Further, Defendant McCombes's name is listed on the Letter.

8

§ 216.11(1). While the Iowa Supreme Court has not construed ICRA's aiding-and-abetting provision, Plaintiff has a colorable argument that the Iowa Supreme Court would draw upon its criminal jurisprudence and hold that aiding and abetting occurs under ICRA when a person actively participates or in some manner encourages the commission of an unfair or discriminatory practice prior to or at the time of its commission. *Cf. State v. Maxwell*, 743 N.W.2d 185, 197 (Iowa 2008) (discussing aiding and abetting in the criminal law).[6] Plaintiff thus has a colorable Retaliation claim against Defendant McCombes on an aiding-and-abetting theory. The presence of Defendant McCombes's name on the Letter tends to show that, at the very least, Defendant McCombes participated in the decision to fire Plaintiff. Indeed, Plaintiff alleges that *all* Defendants, including Defendant McCombes, "took adverse action against Plaintiff because he reported Defendant Cochuyt's unwelcome sexual relationship with a subordinate employee." Petition at ¶ 20. Defendant McCombes's unannounced visit to the store and hostile questioning of Plaintiff might also qualify as encouraging the commission of an unfair or discriminatory practice. Iowa Code § 216.11(1).

### 3. *Conclusion*

The court holds that Plaintiff did not fraudulently join Defendant McCombes. Therefore, the court lacks diversity subject-mater jurisdiction and must remand this lawsuit to the Iowa District Court in and for Black Hawk County. The court emphasizes that its holding should not be construed as a ruling upon the merits of any of Plaintiff's claims or as making definitive rulings about some of the murkier areas of Iowa civil rights law. The court only holds that Plaintiff *might* have a *colorable* claim against Defendant McCombes under ICRA. *Wilkinson*, 478 F.3d at 964.

---

[6] In contrast, mere knowledge that an unfair or discriminatory practice is being committed is insufficient in and of itself to prove aiding and abetting. *Cf. Maxwell*, 743 N.W.2d at 197. Likewise, presence at the scene of the unfair or discriminatory practice, without more, is not enough to uphold a finding of aiding and abetting. *Cf. id.*

9

## IV. SANCTIONS

Plaintiff requests that the court sanction Defendants and award Plaintiff all of the costs and attorneys' fees that he incurred as a result of Defendants' improper removal of this case to federal court. Defendants argue that sanctions are not appropriate, because removal was objectively reasonable.

In relevant part, 28 U.S.C. § 1447 provides:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

The court holds that Defendants had an objectively reasonable basis for removal. There were first-impression issues underlying the issue of diversity subject-matter jurisdiction. *See, e.g., Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (applying *Martin* and holding that a first-impression issue created an objectively reasonable basis for removal). Further, Defendants' arguments were fairly supportable, and Plaintiff has not shown that Defendants removed this case in bad faith. *See, e.g.*, *GreatAm. Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 394 F. Supp. 2d 1058, 1061-62 (N.D. Iowa 2005) (Reade, J.) (denying motion for sanctions, where removing party's arguments were fairly supportable, the court had to resolve a first-impression issue and there was no showing of bad faith).

Accordingly, the court shall deny Plaintiff's request for sanctions.

## V. DISPOSITION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Remand (docket no. 2) is **GRANTED IN PART AND DENIED IN PART**;

2. The court **REMANDS** this action to the Iowa District Court in and for Black Hawk County for all further proceedings;

3. The Clerk of Court is **DIRECTED** to provide a certified copy of this Order to the Clerk of Court for the Iowa District Court in and for Black Hawk County; and

4. Plaintiff's request for sanctions is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of August, 2008.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA